# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ADAM HILL**, *et al.*, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|     v. | )   Civil Action No. 1:11-cv-02158 (JEB) |
| | ) |
| **WACKENHUT SERVICES** | ) |
|    **INTERNATIONAL**, *et al.*, | ) |
| | ) |
|     Defendants. | ) |
| | ) |

## THE WACKENHUT DEFENDANTS' MOTION TO VACATE THE ARBITRATOR'S PARTIAL FINAL AWARD CONCERNING CLASS ARBITRABILITY

The Wackenhut Defendants, by and through their undersigned counsel move this Court to issue a order (1) vacating the Arbitrator's Partial Final Award, in *Hill v. Wackenhut Services Int'l*, JAMS Ref. No. 1410006042, (von Kann Arb. April 23, 2013), concerning class arbitrability; and (2) dismissing Plaintiffs' class claims, with prejudice. The Wackenhut Defendants submit their motion under Section 10(a)(4) of the Federal Arbitration Act, 9 U.S.C § 10(a)(4). And, in support, they commend the Court's attention to the attached Memorandum of Points and Authorities.

Wherefore, the Wackenhut Defendants contend that the Court should grant their motion and issue an order (1) vacating the Arbitrator's partial final award on class arbitrability; and (2) dismissing Plaintiffs' class claims, with prejudice.

## STATEMENT REQUIRED BY LOCAL RULE 7(m)

The undersigned counsel has conferred with Plaintiffs' counsel and Co-Defendants' counsel in a good faith effort to determine whether there is any opposition to the relief that the Wackenhut Defendants seek and, if so, to narrow the areas of disagreement. Counsel for the Co-Defendants has informed the undersigned that the Co-Defendants do not object that relief. Plaintiffs' Counsel has informed the undersigned that Plaintiffs object to that relief.

Dated:  July 2, 2013, 2013                     Respectfully submitted,

                                               By: _____/S/_ Henry Morris, Jr._____
                                               Henry Morris, Jr.
                                               Nancy S. Heermans
                                               Karen S. Vladeck
                                               ARENT FOX LLP
                                               1717 K Street, NW
                                               Washington, D.C. 20036
                                               Telephone:  (202) 857-6000
                                               Facsimile:  (202) 857-6395
                                               *morris.henry@arentfox.com*

                                               *Attorneys for The Wackenhut Respondents*

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of July, 2013, I caused a copy of the foregoing, Motion to Vacate, supporting Memorandum of Points and Authorities, accompanying exhibits, and proposed order to be served, through the Court's ECF system, on the following:

| | |
|---|---|
| Michael J. Trevelline<br>LAW OFFICES OF MICHAEL TREVELLINE<br>1823 Jefferson Place, NW<br>Washington, DC 20036-2504<br>Email: mjt@mjtlegal.com | Scott J. Bloch<br>LAW OFFICES OF SCOTT J. BLOCH, PA<br>1050 17th Street, NW<br>Suite 600<br>Washington, DC 20036<br>Email: scott@scottblochlaw.com |
| Craig D. Margolis<br>VINSON & ELKINS, LLP<br>2200 Pennsylvania Avenue, NW<br>Suite 500<br>Washington, DC 20037<br>Email: cmargolis@velaw.com | Crystal N. Y'barbo<br>VINSON & ELKINS, L.L.P.<br>2200 Pennsylvania Avenue, NW<br>Suite 500-West<br>Washington, DC 20037<br>Email: cybarbo@velaw.com |
| Jason A Levine<br>VINSON & ELKINS, LLP<br>2200 Pennsylvania Avenue, NW<br>Suite 500<br>Washington, DC 20037<br>Email: jlevine@velaw.com | Tirzah S. Lollar<br>VINSON & ELKINS, L.L.P.<br>2200 Pennsylvania Avenue, NW<br>Suite 500-West<br>Washington, DC 20037<br>Email: tlollar@velaw.com |

      /S/   Henry Morris, Jr.
Henry Morris, Jr.

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ADAM HILL, *et al.*,           )<br>                                              )<br>      Plaintiffs,               )<br>                                              )<br>      v.                            )<br>                                              )<br>WACKENHUT SERVICES     )<br>   INTERNATIONAL, *et al.*,  )<br>                                              )<br>      Defendants.            )<br>                                              ) | Civil Action No. 1:11-cv-02158 (JEB) |

# THE WACKENHUT DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO VACATE THE ARBITRATOR'S PARTIAL FINAL AWARD CONCERNING CLASS ARBITRABILITY

This Court granted the Wackenhut Defendants' motion to compel arbitration, and the case is now pending in JAMS. *Hill v. Wackenhut, Int'l*, JAMS Ref. No. 1410006042.

JAMS rules require the arbitrator in a putative class arbitration, like the one in this case, to resolve a gateway issue: Does the parties' arbitration agreement allow class actions?

Everyone in this action, including the Arbitrator, agreed that the answer is no, which should have ended the inquiry. But, applying his own sense of fairness, the Arbitrator held that the Wackenhut Defendants are estopped from taking that position because they had settled a prior arbitration proceeding on a class-wide basis.

Thus, the Arbitrator exceeded his authority to interpret the parties' agreement. And, unless reversed, the Wackenhut Defendants will have no choice but to submit to a costly dispute resolution proceeding contrary to the one to which they agreed. Accordingly, under Section 10(a)(4) of the Federal Arbitration Act, 9 U.S.C § 10(a)(4), the Court should vacate the Arbitrator's decision and dismiss Plaintiffs' class claims, with prejudice.

**I.     Facts**

Plaintiffs filed this suit to undo the Final Award resolving two prior arbitrations: *Grabowski v. Wackenhut Servs.*, LLC, JAMS Ref. No. 090806B, and *Mahnke v. Wackenhut Servs.*, LLC, JAMS Ref. No. 09057A (collectively, "*Grabowski/Mahnke*").  Compl. ¶¶ 7-15 [ECF No. 1].  There, as here, the claimants were Wackenhut Services, LLC, firefighters who sought to recover purportedly unpaid compensation.  *In re Hill*, JAMS Ref. No. 1410006042, Partial Final Award, at 1 (von Kann Arb. April 23, 2013) ("Partial Final Award"), attached as **Exhibit 1**.

In May 2007, the *Grabowski* arbitrator issued a partial final award addressing whether the governing arbitration agreement -- the same agreement apposite here -- permits class arbitration. *Grabowski v. Wackenhut Servs.*, LLC, JAMS Ref. No. 090806B, Partial Final Award, at 8 (Grafstein Arb. May 11, 2007), attached as **Exhibit 2**.  She held that the agreement "either is clear in its silence in not barring class arbitrations or at least ambiguous on the issue." *Id*. at 7. And, over Wackenhut's strenuous objections, she concluded that the agreement permits class claims.  *Id*.

For over two years, the parties litigated.  They then reached an agreement to settle *Grabowski/Mahnke* on a class-wide basis and negotiated a settlement agreement, which the arbitrator conditionally approved on December 15, 2009.  *In re Grabowski/Manhke*, Order Conditionally Approving Certification of Settlement Class, Settlement Agreement, and Notice and Scheduling Settlement Hearing (Grafstein Arb. Dec. 15, 2009), attached as **Exhibit 3**.[1]  That settlement agreement contained no provision allowing its rescission due to changes in the law.

---

[1]     To preserve confidentiality, the Wackenhut Defendants have redacted from the exhibits references to any sums paid to settle the *Grabowski/Mahnke* matter.

*In re Grabowski/Manhke*, Consented Motion for Conditional Certification of Settlement Classes and Approval of Settlement (Nov. 16, 2009), attached as **Exhibit 4**.

Over four months later, on April 27, 2010, the United States Supreme Court decided *Stolt-Nielsen, S.A. v. AnimalFeeds, Int'l Corp.*, 559 U.S. 662, 130 S. Ct. 1758 (2010).  That decision altered the landscape for class arbitration, holding that a party cannot not be required to arbitrate on a class-wide basis "unless there is a contractual basis for concluding that the party *agreed* to do so," and that such an agreement cannot be inferred from the contract's silence on the issue.  *Id.* at 1775 (emphasis in original).

> From these principles, it follows that a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so. In this case, however, the arbitration panel imposed class arbitration even though the parties concurred that they had reached "no agreement" on that issue. . . . The critical point, in the view of the arbitration panel, was that petitioners did not "establish that the parties to the charter agreements intended to *preclude* class arbitration." . . . [T]he panel regarded the agreement's silence on the question of class arbitration as dispositive. The panel's conclusion is fundamentally at war with the foundational FAA principle that arbitration is a matter of consent.

*Id.*

On August 3, 2010, after holding a fairness hearing, the *Grabowski/Mahnke* arbitrator issued her Final Award, approving the settlement. *Grabowski/Mahnke*, Final Award, at 5-6 (Grafstein, Arb. Aug. 3, 2010), attached as **Exhibit 5.**  The U.S. District Court for the Northern District of Georgia confirmed the Award about three months later. *Grabowski v. Wackenhut Servs.*, LLC, C.A. No. 1:10-cv-02607-JOF (N.D. Ga. Oct. 29, 2010), attached as **Exhibit 6.**

On December 6, 2011, Plaintiffs filed a putative class action in this Court.  Compl. ¶¶ 62-71 [ECF No. 1].

On June 27, 2012, this Court granted the Wackenhut Defendants' motion to compel arbitration, based on the same arbitration clause that figured in *Grabowski/Mahnke*:

> In consideration of your employment, you agree that your assignment, job or compensation can be terminated with or without cause, with or without notice at any time at your option or at Employer's option. You also agree that you will be bound by and accept as a condition of your employment the terms of the Wackenhut Dispute Resolution Program which are herein incorporated by reference. You understand that the Dispute Resolution Program requires, as its last step, that any and all claims that you might have against Employer related to your employment, including your termination, and any and all personal injury claim arising in the workplace, you have against other parent or affiliate of Employer, must be submitted to binding arbitration instead of to the court system.

*Hill v. Wackenhut Servs. Int'l*, 865 F. Supp. 2d 84, 88-89 (D.D.C. 2012).

The Plaintiffs commenced arbitration under JAMS. *Hill v. Wackenhut Servs. Int'l*, Civil Action No. 11–2158 (JEB), Third Joint Status Report (Feb. 22, 2013) [ECF No. 24]. Shortly thereafter, the Wackenhut Defendants moved to dismiss Plaintiffs' class claims, because, among other things, the parties' agreement does not encompass class arbitration. *In re Hill*, JAMS Ref. No. 1410006042, Memorandum in Support of the Wackenhut Defendants' Motion for Partial Dismissal, at 8-11 (Jan. 28, 2012), attached as **Exhibit 7**.

On that critical issue, there was no dispute. During their initial sojourn through this Court, Plaintiffs sought a declaration that "the contracts between WSI and Plaintiffs was [sic] ambiguous and unconscionable if applied to require arbitration of class action as *they mention nothing about class actions . . . .*" Compl. ¶ 74 [ECF No. 1]. They reiterated that point to the arbitrator. *In re Hill*, JAMS Ref. No. 1410006042, Claimants' Opposition to Respondents' Motion for Partial Dismissal, at 4 (March 25, 2013) ("[T]he claimant firefighters' employment agreement contains no class provision, a provision stating that claims may be heard as a class."); *id* at 33 ("Respondents ably argue that since the employment agreements did not contemplate a class, the arbitrator is without authority to allow a class. Claimants are in accord."), attached as **Exhibit 8**.

4

The Arbitrator concurred. In his Partial Final Award Concerning Class Arbitrability, he concluded that the language in the parties' arbitration agreement does not allow class arbitration: "I agree with the parties that construing the subject arbitration clause in light of the *Stolz-Nielson* opinion and its progeny leads to the conclusion that class arbitration is not permitted by the language of the clause." **Exhibit 1** (Partial Final Award Concerning Class Arbitrability), at 4. Nevertheless, he went on to hold that the Wackenhut Defendants are estopped from denying that the agreement permits class arbitration.

On June 17, 2013, the Wackenhut Defendants informed the arbitrator that they planned to file a motion to vacate his Partial Final Award in this Court, and asked him to stay the arbitration pending the motion's outcome. *See In re Hill*, JAMS Ref. No. 1410006042, Joint Plan and Schedule for Discovery and Class Certification Process4 (June 17, 2013), attached as **Exhibit 9.** Four days later, the Arbitrator issued an order denying the Wackenhut Defendants' request for a stay. Plus, he revisited his earlier clause construction ruling, and completely changed his interpretation. In his Partial Final Award he concluded that the clause does *not* permit class arbitration; he now opined just the opposite: "the language of the section does permit class arbitration." *In re Hill*, JAMS Ref. No. 1410006042, Order No. 4, at 3 (von Kann Arb. June 21, 2013), attached as **Exhibit 10**. Why the shift? According to the Arbitrator, the Supreme Court's decision in *Oxford Health Plans, LLC v. Sutter*, No. 12–135, 2013 WL 2459522 (U.S. June 10, 2013), "provides significant additional support" for his Partial Final Award. **(Order No. 4)**, at 2, attached as **Exhibit 10**.

**II. Argument**

    **A. The Court should vacate the Arbitrator's holding that the Wackenhut Defendants are estopped from contesting the class arbitrability issue**.

        **1. The Arbitrator's decision is ripe for review.**

This Court should review the Arbitrator's arbitrability decision now, for several reasons.

First, the Supreme Court addressed this very issue in *Stolt-Nielen* and concluded that immediate judicial review of an initial arbitrability decision is appropriate:

> Ripeness reflects constitutional considerations that implicate 'Article III limitations on judicial power,' as well as 'prudential reasons for refusing to exercise jurisdiction.' . . . In evaluating a claim to determine whether it is ripe for judicial review, we consider both 'the fitness of the issues for judicial decision' and 'the hardship of withholding court consideration.' . . . To the extent the dissent believes that the question on which we granted certiorari is constitutionally unripe for review, we disagree.  The arbitration panel's award means that petitioners must now submit to class determination proceedings before arbitrators who, if petitioners are correct, have no authority to require class arbitration absent the parties' agreement to resolve their disputes on that basis. . . . We think it is clear on these facts that petitioners have demonstrated sufficient hardship, and that their question is fit for our review at this time.

*Stolt-Nielsen,* 130 S. Ct. at 1767 n.2 (citations omitted).

The Wackenhut Defendants face the identical situation.

Second, immediate judicial review is consistent with JAMS rules, under which the parties have agreed to proceed:

> Subject to Rule 1(a), once appointed, the Arbitrator, following the law applicable to the validity of the arbitration clause as a whole, or the validity of any of its terms, or any court order applicable to the matter, shall determine as a threshold matter whether the arbitration can proceed on behalf of or against a class.  . . .
>
> The Arbitrator shall set forth his or her determination with respect to the matter of clause construction in a partial final award *subject to immediate court review*.

JAMS Class Action Procedures § 2 (http://www.jamsadr.com/rules-class-action-procedures) (last visited June 17, 2013) (emphasis added)).

6

Third, this issue is ripe for review because it raises a purely legal question, requiring no further fact development. *See City of Houston v. Dep't of Hous. & Urban Dev.*, 24 F.3d 1421, 1431 (D.C. Cir. 1994) (Under the "fitness of the issues" prong of prudential ripeness, the threshold question for a reviewing court is "whether the disputed claims raise purely legal questions and would, therefore, be presumptively suitable for judicial review.") (citation omitted); *Sabre, Inc. v. Dep't of Transp.,* 429 F.3d 1113, 1120 (D.C. Cir. 2005) (purely legal question requiring no further factual development is ripe for review).

In short, now is the time to review the class arbitrability decision.

**B.     The Arbitrator's decision does not draw its essence from the governing contract.**

A court may vacate an arbitrator's decision, if he "'act[s] outside the scope of his contractually delegated authority' – issuing an award that 'simply reflect[s] [his] own notions of [economic] justice' rather than 'drawing its essence from the contract.'" *Oxford Health Plans LLC* , No. 12–135, 2013 WL 2459522, at * 4  (citations omitted).  That is precisely the case here.

*Stolt-Neilson* is instructive.  There, the arbitration panel approved class proceedings even though the parties' stipulated that they had no agreement on class arbitration.  That, the Supreme Court made clear, exceeded the panel's authority.  "A party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party *agreed* to do so." *Stolt-Nielsen,* 559 U.S. 662, 130 S. Ct. at 1775.

That parties may have agreed to arbitrate disputes generally does not, the Supreme Court explained, mean that they have agreed to arbitrate on a class-wide basis.

> This is so because class-action arbitration changes the nature of arbitration to such a degree that it cannot be presumed the parties consented to it by simply agreeing to submit their disputes to an arbitrator.  In bilateral arbitration, parties forgo the procedural rigor and appellate review of the courts in order to realize the benefits of private dispute resolution:  lower costs, greater efficiency and speed, and the ability to choose expert adjudicators to resolve specialized disputes. . . . But the

7

> relative benefits of class-action arbitration are much less assured, giving reason to doubt the parties' mutual consent to resolve disputes through class-wide arbitration.

*Id.* at 1775-76 (citations and internal quotation marks omitted).

Lacking a contractual basis to support its conclusion that the parties had agreed to class arbitrations, the Court concluded that the arbitration panel's actions amounted to "simply impos[ing] its own conception of sound policy." *Id*. at 1767-68. And, the Court rejected that decision under Section 10(a)(4) of the Federal Arbitration Act, 9 U.S.C. § 10(a)(4).

This case warrants the same treatment.

Indeed, having acknowledged that "construing the subject arbitration clause in light of the *Stolz-Nielson* opinion and its progeny leads to the conclusion that class arbitration is not permitted by the language of the clause," the Arbitrator's inquiry should have ended. *Oxford Health Plans, LLC*, No. 12–135, 2013 WL 2459522, at * 2 ("Class arbitration is a matter of consent: An arbitrator may employ class procedures *only* if the parties have authorized them.") (emphasis added); *Stolz-Nielson*, 559 U.S. 662, 130 S. Ct. at 1775 (same).

But, it did not end there. Instead, the Arbitrator looked beyond the requirement that a party can be compelled to participate in class arbitration only if it has contractually agreed to do so, and held that the Wackenhut Defendants were estopped from denying that the arbitration can proceed on a class-wide basis because (1) the *Grabowsi/Mahnke* arbitrator had held that the governing agreement permits class actions, a decision the Wackenhut Defendants did not appeal; and (2) the Wackenhut Defendants agreed to settle the case on a class-wide basis, consented to entry of that settlement as a final award, and consented to its confirmation as a federal court judgment. **Exhibit 1** (Partial Final Award Concerning Class Arbitrability), at 7-9, 10-13.

That decision, however, was well beyond his authority, the limits of which he expressly recognized. "The scope of an arbitrator's authority derives entirely from the terms of the parties' agreement to arbitrate. If that agreement does not permit class arbitration, then the arbitrator has no authority to conduct class arbitration . . . ." E**xhibit 1** (Partial Final Award), at 7, n.7. *See also Stolt-Neilsen*, 130 S. Ct. at 1775.

Moreover, the Arbitrator was mistaken on the merits.

Neither collateral nor judicial estoppel applies if there has been an intervening change of controlling law. *United States v. Stauffer Chem. Co*., 464 U.S. 165, 169 (1984) (issue preclusion applies only if there has been "no change in controlling . . . legal principles since the [first] action."); *C.I.R. v. Sunnen*, 333 U.S. 591, 599-600 (1948) (same); *Montana v. United States*, 440 U.S. 147, 156 (1979) (same); *Longaberger Co. v. Kolt*, 586 F.3d 459, 471 (6th Cir. 2009) ("[J]udicial estoppel is not applicable where a party argues an inconsistent position based on a change in controlling law."); *Jarrard v. CDI Telecomms., Inc.,* 408 F.3d 905, 915 (7th Cir. 2005) ("Judicial estoppel should not be used to work an injustice, particularly when the defendants' change in position resulted from circumstances outside their control -- namely, a change in controlling state law.") (citation omitted); *Folio v. City of Clarksburg,* 134 F.3d 1211, 1218 (4th Cir. 1998) (judicial estoppel inapposite where second position was based upon a change in the law); *United States v. Vastola,* 989 F.2d 1318, 1324 (3d Cir. 1993) (same); *Maui Land & Pineapple Co. v. Occidental Chem. Corp.,* 24 F. Supp. 2d 1083, 1086 (D. Haw. 1998) (judicial estoppel "is inappropriate when a party is merely changing its position in response to a change in the law.").

Here, the *Grabowski* arbitrator issued an award interpreting the parties' agreement to permit class arbitration in May 2007, nearly three years before the Supreme Court decided *Stolt-*

9

*Neilsen*. The *Grabowski/Mahnke* parties agreed to settle the case on a class-wide basis and negotiated an agreement, which was preliminarily approved by the arbitrator approximately four months before the Supreme Court decided *Stolt-Neilsen*. And, because that agreement contained no provision allowing the parties to rescind it due to subsequent legal developments, the Wackenhut Defendants' hands were tied. Under these circumstances, punishing the Wackenhut Defendants because of positions they took and decisions they made in the prior arbitration proceedings, before *Stolt-Neilsen* changed the law on when a party may be required to participate in a class arbitration, is fundamentally unfair and contrary to the law.[2] The collateral and judicial estoppel doctrines are inapposite.

Accordingly, this Court should vacate the Arbitrator's class arbitrability ruling and issue and order holding that the parties' agreement does not encompass class arbitration.

Plaintiffs may counter by pointing to the Arbitrator's second arbitrability ruling. That ruling, however, is irrelevant.

Once he issued his Partial Final Award on class arbitrability, the Arbitrator was *functus officio* on the issue. Thus, he had no authority to reconsider it. *See, e.g.*, *Washington-Baltimore Newspaper Guild, Local 35 v. Washington Post Co.*, 442 F.2d 1234, 1238-39 (D.C. Cir. 1971) ("It is an equally fundamental common law principle that once an arbitrator has made and published a final award his authority is exhausted and he is functus officio and can do nothing more in regard to the subject matter of the arbitration."); *Legion Ins. Co.* v. *VCW, Inc.*, 198 F.3d 718, 720 (8th Cir. 1999) ("The Eighth Circuit has held that an interim award may be deemed final for *functus officio* purposes if the award states it is final, and if the arbitrator intended the award to be final."); *Trade & Transp., Inc.* v. *Natural Petroleum Charterers Inc.*, 931 F.2d 191,

---

[2] The Arbitrator's statement that "[t]he Stolt-Nielsen decision was not issued until after the parties resolved *Grabowski/Mahnke*," **Exhibit 1** (Partial Final Award), at 9, is mistaken.

195 (2d Cir. 1991) ("[I]f the parties have asked the arbitrators to make a final partial award as to a particular issue and the arbitrators have done so, the arbitrators have no further authority, absent agreement by the parties, to redetermine that issue."); *Bosack v. Soward*, 586 F.3d 1096, 1103 (9th Cir. 2009) ("Rule 46 provides that '[t]he arbitrator is not empowered to redetermine the merits of any claim already decided.' This rule essentially codifies the common law doctrine of *functus officio,* which 'forbids an arbitrator to redetermine an issue which he has already decided.'"); *Louisiana Health Serv. Indem. Co. v. Gambro A B*, 756 F. Supp. 2d 760, 767 (W.D. La. 2010) ("As evidenced by the language used by the Panel in its Clause Construction Award as well as in its denial of Gambro's motion for reconsideration, there is no doubt that the Clause Construction Award indicates it is a final determination and that the Panel intended the Award to be final. The Panel correctly applied the *functus officio* doctrine in this matter."), von Kann (Editor-in-Chief), C., Gaitis, J., and Lehrman, J, *The College of Commercial Arbitrators Guide to Best Practices in Commercial Arbitration*, 61 (2006) (Regarding class arbitrability determinations, "upon issuing a partial final award, the arbitrator normally is *functus officio* with respect to the issues determined in that award and, as a result, the arbitrator will not be subsequently permitted to reconsider the merits of the determination reflected in by the award.").[3]

    Accordingly, the Court should disregard the Arbitrator's Order No. 4 (**Exhibit 10**).[4]

---

[3] The doctrine rests " on an 'unwillingness to permit one who is not a judicial officer and who acts informally and sporadically, to re-examine a final decision which has already been rendered, because of the potential evil of outside communications and unilateral influence which might affect a new conclusion." von Kann, C., Gaitis, J., and Lehrman, *Guide to Best Practices in Commercial Arbitration*, at 197.

[4] In addition to exceeding his authority, the Arbitrator was mistaken on the merits. *Oxford Health* supports the outcome that the Wackenhut Defendants advocate: "Class arbitration is a matter of consent: An arbitrator may employ class procedures *only* if the parties have authorized them." *Oxford Health Plans, LLC*, No. 12–135, 2013 WL 2459522, at * 2 (emphasis added). That, of course, did not occur here, as the Arbitrator originally concluded in his Partial Final Award. Under the *functus officio* doctrine the Arbitrator's subsequent attempt to interpret the parties agreement, including his mistaken reading of *Oxford Health*, has no bearing.

**III.     Conclusion**

Arbitrators derive their power "from the parties' agreement," which can be structured "as they see fit." *Stolt-Nielsen*, 130 S. Ct. at 1774 (citations omitted).  Thus, they must "rigorously enforce" an arbitration agreement as written and give effect to the parties' contractual rights and expectations.  *See Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989).  This means that "[a]n arbitrator may employ class procedures *only* if the parties have authorized them." *Oxford Health Plans, LLC*, No. 12–135, 2013 WL 2459522, at * 1.

Here, the Arbitrator concurred that the parties' arbitration agreement does not authorize class actions.  Accordingly, he exceeded his authority when he nevertheless precluded the Wackenhut Defendants from pressing that point and refused to dismiss Plaintiffs' class allegations.

Thus, the Court should vacate his ruling under the Federal Arbitration Act and dismiss Plaintiffs' class claims, with prejudice.

Dated:  July 2, 2013                                            Respectfully submitted,

By:  ____/s/ Henry Morris, Jr._____
Henry Morris, Jr.
Nancy S. Heermans
Karen S. Vladeck
ARENT FOX LLP
1717 K Street, NW
Washington, D.C. 20036
Telephone:  (202) 857-6000
Facsimile:  (202) 857-6395
*morris.henry@arentfox.com*

*Attorneys for The Wackenhut Respondents*